1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   HARRISON L. BURTON,                          No. 2:14-cv-2602-WBS-CMK-P

12              Petitioner,

13       vs.                                       <u>FINDINGS AND RECOMMENDATION</u>

14   DANIEL PARAMA,

15              Respondent.

16   _____/

17          Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion

19   to dismiss (Doc. 10), petitioner's opposition to the motion (Doc. 12), and respondent's reply

20   (Doc. 13).

21       **I.      BACKGROUND**

22          Petitioner is challenging a 2012 prison disciplinary action.  On June 26, 2012,

23   petitioner was issued a rules violation report for assault on a peace officer.  (Pet., Doc. 1 at 68).

24   A hearing was held on July 26, 2012, petitioner was found guilty and was assessed 90 days loss

25   of credit.  (Pet., Doc. 1 at 90, 94).  Petitioner filed an inmate grievance challenging the findings,

26   and exhausted his administrative remedies on January 9, 2013.  (Pet., Doc. 1 at 152-53).

1  Petitioner then filed a petition for writ of habeas corpus in the Lassen County Superior Court on

2  June 24, 2014.  (Motion, Doc. 10, Ex. 1).  The Lassen County Court denied the petition on July

3  15, 2014.  Petitioner then filed a second petition with the Lassen County Court on July 2, 2014,

4  which was denied on July 24, 2014.  Petitioner then filed a petition in the California Court of

5  Appeal, which was similarly denied, and then a petition for review with the California Supreme

6  Court, which was denied on October 15, 2014.

7          Prior to filing the petition for writ of habeas corpus in this court on November 6,

8  2014, petitioner had filed a civil rights action pursuant to 42 U.S.C. § 1983, in 2013.  That action,

9  Burton v. Barnes, case no. 2:13-cv-0167 DAD, was filed on January 28, 2013 and dismissed

10  without prejudice on February 14, 2014, as barred by Heck v. Humphrey, 512 U.S. 477 (1994).[1]

11              II.    MOTION TO DISMISS

12          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

13  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

14  petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

15  Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

16  lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

17  in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

18  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

19  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

20  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

21  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

22  after the court orders a response, and the Court should use Rule 4 standards to review the motion.

23

24          [1]     The court may take judicial notice pursuant to Federal Rule of Evidence 201 of
    matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).
25  Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp.
    of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S.,
26  378 F.2d 906, 909 (9th Cir. 1967). .

1    See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has

2    exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

3           Respondent brings this motion to dismiss Petitioner's habeas corpus petition as

4    filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).  Petitioner

5    asserts that he is entitled to statutory and equitable tolling.

6           Federal habeas corpus petitions must be filed within one year from the later of:

7    (1) the date the state court judgment became final; (2) the date on which an impediment to filing

8    created by state action is removed; (3) the date on which a constitutional right is newly-

9    recognized and made retroactive on collateral review; or (4) the date on which the factual

10   predicate of the claim could have been discovered through the exercise of due diligence.  See 28

11   U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

12   judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

13   review.  See 28 U.S.C. § 2244(d)(1).  In cases challenging prison disciplinary proceedings, the

14   limitation period begins to run the day after the petitioner receives notice of the final denial of his

15   administrative appeals.  See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).  There is a

16   presumption, which the petitioner may rebut, that notice was received the day the denial was

17   issued.  See Valdez v. Horel, 2007 WL 2344899 (E.D. Cal. 2007).

18          The limitations period is tolled, however, for the time a properly filed application

19   for post-conviction or other collateral relief is pending in the state court.  See 28 U.S.C. §

20   2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance

21   with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3

22   (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are

23   exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are

24   filing conditions and the failure to comply with those time limits precludes a finding that the state

25   petition is properly filed).  A state court application for post-conviction or other collateral relief

26   is "pending"during all the time the petitioner is attempting, through proper use of state court

3

1   procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is

2   not, however, considered "pending" after the state post-conviction or other collateral process is

3   concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition

4   not tolled for time during which certiorari petition to the Supreme Court was pending).  Where

5   the petitioner unreasonably delays between state court applications, however, there is no tolling

6   for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not

7   explicitly deny a post-conviction application as untimely, the federal court must independently

8   determine whether there was undue delay.  See id. at 226-27.

9            There is no tolling for the interval of time between post-conviction or other

10   collateral applications where the petitioner is not moving to the next higher appellate level of

11   review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir.

12   2001).  There is also no tolling for the period between different sets of post-conviction or other

13   collateral applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  The period

14   between the conclusion of direct review and the filing of a state post-conviction application does

15   not toll the limitations period.  See Nino, 1983 F.3d at 1006-07.  Similarly, a prior 42 U.S.C. §

16   1983 action does not toll the limitations period.  See Quoc Xuong Luu v. Singh, 411 Fed. Appx.

17   963, 2011 WL 219686, at *1 (9th Cir. 2011).

18            Here, petitioner is challenging his 2012 disciplinary action.  The disciplinary

19   adjudication became final, for purposes of the limitations period, on January 9, 2013, and his

20   limitations period commenced running the next day.  Thus, absent any tolling, petitioner had

21   until January 11, 2014 to file his petition for collateral review.  Petitioner filed his first[2] state

22   habeas petition on June 24, 2014, almost six months past the statute of limitations.  The

23   California Supreme Court denied petitioner's state habeas petition on October 15, 2014.  He then

24

25

26

         [2]     Petitioner filed a second state habeas petition on July 2, 2014, which was denied as successive.  Petitioner contends that determination was in error.  However, regardless of whether the state court properly found his second habeas petition was successive, the statute of limitations had expired prior to the filing of either state petition.

1    filed his federal petition in this court on November 6, 2014.  However, even if he was eligible for

2    tolling of the statute during the time the state petitions were pending, that statute of limitations

3    expired prior to the filing of his first state habeas petition.

4          Petitioner does include another administrative appeal as an exhibit to his petition.

5    In this second administrative appeal, petitioner challenges the staff conduct relating to the

6    incident for which he was found guilty of assault.  In that appeal, which is not a direct challenge

7    to the disciplinary action, he also requested dismissal of the rules violation report.  (Pet., Doc. 1

8    at 110-11).  Even if the court were to construe this second administrative appeal as controlling

9    for the purposes of the statute of limitations, the appeal was denied on June 14, 2013.  The

10    limitations period then commenced the following day, June 15, 2013, and expired on June 15,

11    2014.  As discussed above, he filed his first state petition on June 24, 2014, which was still nine

12    days after the expiration of the statute of limitations.

13          Petitioner also contends that the time during which his 42 U.S.C. § 1983 action

14    was pending in this court tolls the statute of limitations.  He filed his § 1983 action on January

15    28, 2013, and the case was dismissed on February 14, 2014.  However, as stated above, a § 1983

16    action does not toll the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

17          Accordingly, absent any potential equitable tolling, petitioner's petition for writ of

18    habeas corpus is untimely and barred by the statute of limitations.

19          The Supreme Court has determined the statute of limitations under 28 U.S.C. §

20    2244(d) is subject to equitable tolling principles.  See  Holland v. Florida, 560 U.S. 631, 645

21    (2010).  To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been

22    diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on

23    time.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  In a case where the petitioner is

24    alleging a mental impairment as the basis for his equitable tolling claim, "the petitioner must

25    meet a two-part test:

26    / / /

> (1) First, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe that either
>> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."

Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (*quoting* Holland, 130 S.Ct. at 2562).

Here, petitioner states in his opposition that he is entitled to equitable tolling due to a mental impairment. Specifically, he claims that since April 2014 he has been in the EOP mental health program. He also documents mental incapacity in 2008, wherein a court found him incapable of making health care decisions. However, the time frame at issue in this case is January 2013 through June 2014. The court ruling in 2008 that he was incapable of making health care decision was vacated in 2010. (See Opp., Doc. 12 at 180). In addition, the prison evaluated petitioner in 2012, at the time of the administrative hearing on the rules violation report, and determined that while petitioner's mental disorder may have contributed to his behavior, he was found capable of understanding the disciplinary process and representing his interest at the hearing. (See Opp., Doc. 12 at 135). Similarly, being referred to the EOP in April 2014, does not cover the relevant time period needed to justify a delay in filing his habeas petition. As discussed above, the statute of limitations expired in January 2014. Petitioner has not provided any support for his contention that he was incapable of understanding that he needed to file his habeas petition, or that he was incapable of filing his habeas petition within the one-year statute of limitations.

Further, petitioner provides no showing of due diligence in pursing his claims. In fact, petitioner fails to address his diligence at all in his assertion of equitable tolling. The only potential diligence assertion he makes is his mistaken belief that filing a § 1983 action was the proper method for challenging a prison disciplinary proceeding. However, that he was capable of

1  filing the §1983 action supports a finding that his mental capacity was not so severe to render

2  him incapable of filing a habeas action, nor that he did not understand the need to file his action

3  within the appropriate time frame.

4         Accordingly, the undersigned finds petitioner's claim is insufficient to meet the

5  standards required to qualify for equitable tolling.

6  **III.    CONCLUSION**

7         The undersigned finds the petitioner's federal habeas petition was filed beyond the

8  statute of limitations, and petitioner is not entitled to equitable tolling.

9         Based on the foregoing, the undersigned recommends respondent's motion to

10  dismiss (Doc. 10) be granted.

11         These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  Responses to objections shall be filed within 14 days after service of

15  objections.  Failure to file objections within the specified time may waive the right to appeal.

16  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  DATED: March 14, 2016

19

20                                    CRAIG M. KELLISON
                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

7